UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAQUEL HARRELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-cv-01585-JPH-TAB |
| FLAHERTY & COLLINS, INC., | ) |
| Defendant. | ) |

**ORDER ON MOTIONS FOR SANCTIONS AND ATTORNEYS' FEES**

Before the Court are Plaintiff's motion for sanctions against Defendant's counsel, dkt. [79], and Defendant's motion for the award of attorneys' fees, dkt. [76]. For the reasons that follow, Plaintiff's motion is **denied** and Defendant's motion is **denied**.

**I.
Background**

Maquel Harrell was employed by Flaherty & Collins (F&C) for approximately three weeks. His lawsuit alleged that F&C unlawfully discriminated and retaliated against him by terminating his employment. The case began in an ordinary enough manner—F&C waived service, counsel appeared, and the Magistrate Judge set an initial pretrial conference. Dkts. 7, 9, 10, 12, 16. After obtaining additional time to respond to the Complaint, F&C filed a motion to dismiss and strike. Dkt. 32. Mr. Harrell then brought a slew of motions and filings, some authorized by the Federal Rules of Civil

1

Procedure and others more of the homespun variety.[1] Before the Court ruled on F&C's motion to dismiss, Mr. Harrell voluntarily dismissed his case, dkt. 74. F&C then filed its motion for attorneys' fees, dkt. 76, and Mr. Harrell responded in kind with a motion for sanctions against F&C's counsel, dkt. 79. In these motions, Mr. Harrell and F&C's counsel accuse each other of acting in bad faith and engaging in misconduct.

## II.
## Mr. Harrell's Motion for Sanctions

Mr. Harrell has moved for sanctions against F&C's counsel, alleging a violation of 18 U.S.C. § 1622, a criminal statute on subornation of perjury. Dkt. 79. He has included evidence from a state court case, emails between him and F&C's counsel, and other correspondence. Mr. Harrell's motion cites no authority authorizing sanctions and does not present any argument as to why sanctions are appropriate against F&C. The motion for sanctions is therefore **denied**. Dkt. [79]. Because the motion also addresses F&C's motion for attorney fees, the Court will construe the motion and exhibits, dkts. 81; 82, as a response to F&C's motion for fees. *Id.*; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.").

---

[1] Mr. Harrell's filings included: motion for exception, dkt. 34; motion to update last name, dkt. 35; motion to deny F&C's motion, dkt. 38; motion to disregard Muslim name, dkt. 41; motion to suppress, dkt. 42; motion to have the case ruled in favor of Plaintiff, dkt. 45; submission of pseudo emails, dkts. 47, 48; motion for summary judgment, dkt. 54, second motion for summary judgment, dkt. 55; motion to strike, dkt. 64; appendix in support of the motion to strike, dkt. 65; another appendix, dkt. 66; motion to strike, dkt. 70; motion to apply sanctions for unethical conduct, dkt. 71; and another appendix, dkt. 72.

2

## III.
## F&C's Motion for Attorneys' Fees

### A. Legal Authority

Defendants seek attorneys' fees under 28 U.S.C. § 1927, or in the alternative as a sanction under this court's inherent authority. Dkt. 76.

28 U.S.C. § 1927 provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Objective bad faith is a prerequisite for awarding sanctions under § 1927. *Dal Pozzo v. Basic Machinery Co., Inc.* 463 F.3d 609, 614 (7th Cir. 2006). "The standard for objective bad faith does not require a finding of malice or ill will; reckless indifference to the law will qualify." *Id.* Reckless indifference is a higher standard than "ordinary negligence" or mistake, and is closer to "extremely negligent" conduct. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–1186 (7th Cir. 1992) ("[C]ases in which this court has upheld section 1927 sanctions have involved situations in which counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.").

"Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez v. T.H. Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); *Chambers v. NASCO, Inc.*, 501

3

U.S. 32, 45 (1991) ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."). "Negligence . . . is not enough to support a finding of bad faith. . . . And sanctions under the court's inherent power should not be imposed unless there is bad-faith conduct or willful disobedience of an order."  *Trade Well Intern. v. United Central Bank*, 778 F.3d 620, 627 (7th Cir. 2015); *see Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401-02 (7th Cir. 2015) (affirming district court's use of inherent powers to sanction plaintiff based on factual finding of attempted fraud where the record established that the plaintiff had "falsified evidence in bad faith and lied about it"); *Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) ("In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct in question *in relation to all aspects of the judicial process*.").  The use of inherent powers "must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.

      Courts are split as to whether § 1927 applies to pro se parties.  *Compare Wages v. IRS*, 915 F.2d 1230 (9th Cir. 1990) (yes), *with Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (no because "the word 'admitted' in this context suggests an application to those who, like attorneys, gain approval to appear in a lawyerlike capacity").  The Seventh Circuit has "look[ed] elsewhere for authority rather than choose sides unnecessarily," relying instead on the federal courts' "inherent powers to protect themselves from vexatious litigation."  *Alexander v. United States*, 121 F.3d 312, 316 (7th Cir. 1997); *see*

4

*Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013) ("The federal courts have inherent power to impose a wide range of sanctions upon parties for abusive litigation."); *Chambers*, 501 U.S. 32 at 45 ("[A]n assessment of attorney's fees is undoubtedly within a court's inherent power as well."). Here, the Court does not have to decide whether § 1927 applies to pro se parties, as Mr. Harrell's filings—while lacking merit and haphazard—do not warrant sanctions under either § 1927 or the Court's inherent authority.

### B. Analysis

F&C cites multiple reasons in support of its request for sanctions against Mr. Harrell, including that he:

1. Used a "fake name" when filing documents with the Indiana Civil Rights Commission (ICRC) and EEOC, referring to himself as "Maquel Nadir." Dkt. 77 at 2–4.

2. Filed a frivolous complaint. *Id.* at 5–6.

3. Falsely claimed the ICRC breached his confidentiality by disclosing another pending lawsuit of his in this district. *Id.* at 6–8. Mr. Harrell then threatened legal action against the ICRC and opposing counsel via email. *Id.*

4. Filed a state court lawsuit based on the same facts as here, and monitored when summonses were served on various F&C employee-defendants in that case. *Id.* at 8–9.

5. Filed numerous responses to F&C's Motion for a Writ of Protection as well as other motions which multiplied the litigation. *Id.* at 12–14.

Whether viewed individually or collectively, Mr. Harrell's conduct falls closer to the ordinary negligence end of the spectrum than the "willful abuse"

5

or reckless indifference end. *See Ramirez*, 845 F.3d at 776; *Kotsilieris*, 966 F.2d at 1184–85. This is especially true given his status as a pro se litigant. *DJM Logistics v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 415 (7th Cir. 2022) ("Pro se litigants should be granted appropriate latitude in their dealings with courts and counsel for correct and honorable reasons.").

While his use of the name "Maquel Nadir" in filings with the EEOC and ICRC may have complicated matters, Mr. Harrell gave a plausible explanation for doing so—Maquel Nadir is a "Muslim name" that represents his "true heritage." Dkt. 35. F&C hasn't sufficiently connected the dots to show that Mr. Harrell used his other moniker for an illicit reason, such as a deliberate attempt to deceive the Court or counsel. Nor has F&C shown that Mr. Harrell's use of the surname "Nadir" prejudiced its defense in this case. While F&C argued that it had to "expend extensive resources investigating this issue and briefing its motion to dismiss," it was evident from the beginning of this case that Mr. Harrell and Maquel Nadir were one and the same. Dkt. 77 at 17; dkt. 1 at 1-1 (EEOC, ICRC, and other documentation including the name "Maquel Nadir" attached to Mr. Harrell's complaint). For example, an email from F&C's lawyer to ICRC, dated February 2023 (months before this case was filed), referred to "Maquel Harrell a/k/a Maquel Nadir." Dkt. 8-1 at 2.

Similarly, F&C hasn't explained why Mr. Harrell's contact with witnesses should be addressed by this Court rather than the Indiana state court where Mr. Harrell's case is pending. *See* dkt. 77 at 9-11 (describing Mr. Harrell's

6

conduct with respect to service of process of the complaint in his Indiana state court case).

In sum, judicial sanctions are appropriate where "detailed factual findings" show "relentless, repeated fraudulent and brazenly unethical efforts." *Chambers*, 501 U.S. at 58. Sanctions under § 1927 require a showing of bad faith and reckless indifference. *Kotsilieris*, 966 F.2d at 1184-85. Here, Mr. Harrell's court filings do not warrant the imposition of sanctions. While Mr. Harrell's numerous filings lacked merit, there's scant evidence that the filings were made in "willful disobedience of a court order" or otherwise fit within the "narrowly defined circumstances" that justify judicial sanctions, or with "reckless indifference." *Chambers*, 501 U.S. at 45; *Secrease*, 800 F.3d at 402 (affirming award of fees after district judge made detailed factual findings that plaintiff falsified evidence and "intended to mislead the court" and because "the wrongdoing was so egregious and repeated"); *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697 (7th Cir. 2022) (reversing sanctions award against attorneys because attorneys' conduct did not represent "serious and studied disregard for the orderly process of justice" to justify sanctions under § 1927 (quoting *Burda v. M. Ecker. Co.*, 2 F.3d 769, 777 (7th Cir. 1993)).

\* \* \*

The Court's decision should not be interpreted as approval of how Mr. Harrell conducted himself in this case. Although given some latitude because he was proceeding pro se, *see DJM Logistics*, 39 F.4th at 415, Mr. Harrell is

still obligated to comply with Rule 11's requirements regarding representations made to the Court:

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Mr. Harrell should carefully evaluate any future court filings to make sure they do not violate Rule 11 and/or applicable state-court rules of conduct.

8

## IV.
## Conclusion

F&C's motion for attorney fees is **DENIED**. Dkt. [76]. Mr. Harrell's motions to hold a hearing, dkt. [78], and to apply sanctions, dkt. [79], are **DENIED**.[2]

The Clerk is **directed** to include a copy of the Court's pro se handbook with Mr. Harrell's copy of this Order.[3] This case remains closed.

**SO ORDERED.**

Date: 11/20/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAQUEL HARRELL
930 West 10th St.
Apt. 1524
Indianapolis, IN 46202

All electronically registered counsel

---

[2] Mr. Harrell has requested a hearing on F&C's motion for attorney fees. A hearing is unnecessary because the motion can be decided based on the parties' written submissions. *See Kapco Mfg. Co., Inc. v. C&O Enters., Inc.*, 886 F.2d 1485, 1495 (7th Cir. 1989) ("[T]he right to a hearing [before imposing sanctions] is obviously limited to cases where a hearing could assist the court in its decision."). Therefore, Mr. Harrell's motion for a hearing, dkt. 78, is **denied**.

[3] The Court publishes a pro se handbook that explains the litigation process and may be helpful to Mr. Harrell. A copy of the handbook will be sent to Mr. Harrell alongside this Order and can be found here: https://www.insd.uscourts.gov/sites/insd/files/Pro%20Se%20Handbook.pdf.